FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 23, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NOAH W. BLANDI,<br><br>        Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 2:17-cv-00033-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 20, 21 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 20, 21. The parties consented to proceed before a magistrate judge. ECF No. 9. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion (ECF No. 20) and denies Defendant's motion (ECF No. 21).

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER - 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The

party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c); 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his limitations, 20 C.F.R. §§ 404.1545(a)(1);

416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff protectively filed an application for Title II disability insurance benefits and Title XVI supplemental security income benefits on March 5, 2013, alleging a disability onset date of January 31, 2012. Tr. 211-19, 260. The applications were denied initially, Tr. 155-58, and on reconsideration, Tr. 163-69. Plaintiff appeared at a hearing before an Administrative Law Judge (ALJ) on July 30, 2015. Tr. 37-91. On August 12, 2015, the ALJ denied Plaintiff's claim. Tr. 19-31.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 31, 2012. Tr. 21. At step two, the ALJ found Plaintiff has the following severe impairments: cardiomyopathy and obesity. *Id*. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 22. The ALJ then concluded that Plaintiff has the RFC to perform sedentary work, with the following limitations: "he cannot climb ladders/ropes/scaffolding, and can only occasionally climb stairs/ramps, balance stoop, kneel, crouch, and crawl; and he must avoid concentrated exposure to extreme cold and heat,

pulmonary irritants, and hazards (unprotected heights and moving mechanical parts)." *Id*. At step four, the ALJ found that Plaintiff is able to his perform relevant past work as a loan officer. Tr. 29. As an alternative to finding Plaintiff ineligible at step four, the ALJ made a step five determination that there are other jobs that exists in significant numbers in the national economy that Plaintiff could perform within his assessed RFC, such as addresser, final assembler, and cashier. Tr. 30. The ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act during the adjudicative period, defined as January 31, 2012 through the date of his decision. *Id*.

On November 21, 2016, the Appeals Council denied review, Tr. 1-6, making the Commissioner's decision final for purposes of judicial review. *See* 42 U.S.C. 1383(c)(3); 20 C.F.R. §§ 416.1481; 422.210.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 20. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly evaluated Plaintiff's symptoms complaints;

2. Whether the ALJ properly evaluated the medical opinion evidence;

3. Whether the ALJ properly evaluated the lay witness statements;

ORDER - 7

4. Whether the ALJ made proper determinations at steps four and five; and

5. Whether the ALJ erred by not reopening Plaintiff's prior applications.

ECF No. 20.

**DISCUSSION**

**A.     Plaintiff's Symptom Complaints**

Plaintiff faults the ALJ for failing to rely on reasons that were specific, clear and convincing in "discrediting" Plaintiff's symptom claims. ECF No. 20 at 11-15. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that [his] impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

In making an adverse credibility determination, the ALJ may consider, inter alia, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause some of his alleged symptoms, but he found that Plaintiff's allegations of disability not entirely credible for two reasons: (1) Plaintiff's reported activities are inconsistent with his allegations and (2) Plaintiff's

alleged symptoms were not supported by the objective medical evidence. Tr. 23-24, 26.

*1. Daily Activities*

The ALJ found that Plaintiff's "reported range of activities and daily functioning are inconsistent with allegations of more limiting symptoms." Tr. 26. A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) the claimant "is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Orn*, 495 F.3d at 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

First, the ALJ found that Plaintiff's ability to attend to his self-care/hygiene, prepare his own meals, and perform light household chores "albeit with some reported difficulty," was evidence that Plaintiff's symptoms were not as severe as alleged. Tr. 26. The ALJ then noted Plaintiff's reports of shopping in stores, loading and unloading his groceries, attending church and medical appointments,

walking for 30 minutes per day, volunteering at an elementary school by listening to children read, and performing video editing a few hours at a time supported this finding. *Id.* Finally, the ALJ cited to records in which Plaintiff reported assembling an entertainment center, which took him all day, and becoming dizzy while fighting with his two new dogs as he was thinking of walking them. Tr. 24, 26 (citing Tr. 372, 434). The ALJ concluded that "[s]uch a range of activity strongly indicates that the claimant is capable of performing limited sedentary work." Tr. 26.

The ALJ did not identify how Plaintiff's activities contradicted his testimony regarding his alleged symptoms and did not make any specific findings that these activities are transferable to a work setting. Tr. 26. Therefore, the ALJ's reliance on Plaintiff's activities in rejecting his reported severity of symptoms fails to meet the specific, clear and convincing standard. *See Garrison*, 759 F.3d at 1016 (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Recognizing that 'disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations,' we have held that '[o]nly if [his] level of activity were

inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [his] credibility.'")).

2. *Objective Medical Evidence*

The ALJ found that the "objective medical evidence of record does not support finding a more restrictive [RFC] than for a limited range of sedentary work." Tr. 23. An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair*, 885 F.2d at 601. However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2). Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch*, 400 F.3d at 680.

In his decision, the ALJ set forth Plaintiff's testimony and medical evidence from the record demonstrating a lack of support for the severity of symptoms Plaintiff alleged. Tr. 23-25. However, because the ALJ's other reason failed to

meet the specific, clear and convincing standard, *see supra*, this reason alone is insufficient to support his determination.

Defendant identifies three additional reasons that the ALJ relied upon in making his determination regarding Plaintiff's symptom claims: (1) "Treating records indicated that Blandi had good recovery after initial onset with improved symptoms and heart function"; (2) "Subsequent cardiac evaluations/studies and treatment records reflected continued, substantial improvement in heart function, and progress notes indicated that his overall condition had significantly improved and stabilized with medications and increased exercise"; and (3) "Treating records also reflected reports of increase activities and ability to perform activities of daily living without symptoms." ECF No. 21 at 8-9. However, the first two of these three reasons are simply a restatement of the ALJ's conclusion that the objective medical evidence did not support Plaintiff's symptom claims, and the third reason is a restatement of the ALJ's conclusion that Plaintiff's activities were inconsistent with his symptom claims. Even the ALJ restates his reliance on reports of Plaintiff building furniture and walking his dogs when discussing how treating records reflected increased activities. Tr. 24. Again, the ALJ failed to state how these

activities were inconsistent with his symptom claims or how they transferred to work as required in *Orn*. *Id*.

In conclusion, the ALJ failed to properly support his determination that Plaintiff's symptoms complaints were less than fully credible. Therefore, this case is remanded for the ALJ to hold additional proceedings and properly address Plaintiff's symptom statements.

**B.     Medical Opinion Evidence**

Plaintiff contends the ALJ improperly weighed the medical opinions of treating cardiologist Stuart Cavalieri, M.D. ECF No. 20 at 16-18.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

Dr. Cavalieri completed a medical source statement in June of 2015 opining limitations much more restrictive than the ALJ's residual functional capacity determination. Tr. 560-65. The ALJ gave this opinion little weight for multiple reasons, including the determination that Dr. Cavalieri relied on Plaintiff's reports, which the ALJ had deemed not credible. Tr. 27-28. Since the case is being remanded to readdress the Plaintiff's symptom claims, the ALJ will also readdress the medical source opinions on remand, including that of Dr. Cavalieri.

**C.    Lay Testimony**

Plaintiff contends the ALJ did not properly consider the statement of his

parents. ECF No. 20 at 19.

An ALJ must consider the testimony of lay witnesses in determining whether a claimant is disabled. *Stout v. Comm'r of Social Security*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness testimony regarding a claimant's symptoms or how an impairment affects ability to work is competent evidence and must be considered by the ALJ. If lay testimony is rejected, the ALJ must provide reasons that are germane to each witness. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

Plaintiff's father submitted a June 2015 statement in support of his application. Tr. 311. Plaintiff's mother submitted a July 2015 statement in support of his application, Tr. 312, and testified at the hearing, Tr. 79-85. The ALJ rejected portions of the statements submitted by Plaintiff's parents. Tr. 28. He specifically rejected a portion of the Plaintiff's mother's statement because it "essentially reiterate[d] claimant's allegations." Tr. 28. Therefore, upon remand, the ALJ will also readdress the lay witness statements from Plaintiff's parents.

**D.  Steps Four and Five**

Because the ALJ's RFC determination contains error, as discussed above, it cannot be relied upon in steps four and five. Therefore upon remand, the ALJ will make a new RFC determination and new determinations at steps four and five.

ORDER - 16

**E.     Reopening Prior Application**

Plaintiff faults the ALJ for not reopening his prior application because his current application was made within twelve months of the initial denial of his prior application as set forth in 20 C.F.R. § 404.988.  ECF No. 20 at 20.

While the denial of a request to reopen is not a final decision of the Commissioner made after a hearing, and thus is not subject to judicial review, *Krumpelman v. Heckler*, 767 F.2d 586, 588 (9th Cir. 1985), Defendant concedes that a *de facto* reopening of the prior application has occurred, ECF No. 21 at 19, making it subject to judicial review.  *Lewis v. Apfel*, 236 F. 3d 503, 510 (9th Cir. 2001).  Here, Plaintiff's current application was filed within twelve months of the initial denial in the prior application.  Tr. 150, 260.  Therefore, upon remand, the ALJ will address the prior application specifically and make a finding that it has been reopened.

**F.     Remand**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  To reverse and award of benefits, the Court must find that the record has been fully developed and further administrative proceedings would not be useful.  *Garrison*, 759 F.3dat 1019-20; *Varney v. Sec. of Health and Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988).  But where there

are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly address Plaintiff's symptom claims, the opinion of the treating cardiologist, and the lay witness statements. The ALJ is instructed to supplement the record with any outstanding evidence and take testimony from a medical and a vocational expert at a remand hearing.

## CONCLUSION

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (ECF No. 20) is **GRANTED** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this order.

2. Defendant's motion for summary judgment (ECF No. 21) is **DENIED.**

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR THE PLAINTIFF,** provide copies to counsel, and **CLOSE**

ORDER - 18

**THE FILE.**

DATED February 23, 2018.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE